IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01842-BNB

WALTER J. JENKINS,

    Applicant,

v.

J. M. WILNER, Warden, U.S.P. Florence,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 4 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

    Applicant Walter J. Jenkins is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Jenkins, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence and claiming that he is actually innocent. The Court must construe the Application liberally because Mr. Jenkins is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

    Mr. Jenkins was found guilty by a jury of one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 846, one count of possession with intent to

distribute fifty grams of cocaine base, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (iii) and 18 U.S.C. § 2, one count of possession of firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and one count of possession of firearms during and in relation to a drug trafficking crime (second and subsequent conviction), in violation of 18 U.S.C. § 924(c)(1)(C)(i). He unsuccessfully pursued a direct appeal, *see United States v. Jenkins*, 313 F.3d 549 (10th Cir. 2002), and a petition for certiorari review, *see Jenkins v. United States*, 538 U.S. 1006 (2003). Mr. Jenkins filed a 28 U.S.C. § 2255 motion that was denied in September 2005. *See United States v. Jenkins*, No. 99-cr-00439-JLK, Doc. No. 349 (D. Colo. Sept. 22, 2005). He then sought certification with the Tenth Circuit to file a second or successive § 2255 motion. The request was denied for failure to assert newly discovered evidence in support of his innocence claim. *See Jenkins v. United States*, No. 06-1369 (10th Cir. September 27, 2006). Mr. Jenkins also appealed the denial of his first § 2255 motion, which was denied on appeal as untimely. *See United States v. Jenkins*, No. 07-1085 (10th Cir. May 22, 2007).

Subsequently, Mr. Jenkins filed a Fed. R. Civ. P. 60(b) motion on February 11, 2008, that was construed as a § 2255 motion and was transferred to the Tenth Circuit for certification under 28 U.S.C. § 2255(h). *See United States v. Jenkins*, No. 99-cr-00439-DBS, Doc. No. 393 (D. Colo. Apr. 14, 2008). The Tenth Circuit found that (1) the February 11, 2008, motion was not a true Rule 60(b) motion; (2) the motion properly was construed by this Court as a § 2255 motion; and (3) the claims Mr. Jenkins raised

2

in the motion were addressed by this Court. *See In re: Walter James Jenkins*, No. 08-1134 (10th Cir. June 5, 2008).

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

The remedy available under 28 U.S.C. § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir. 1999). For example, the remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant

3

complete relief. *See id.* Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. *See Reyes-Requena v. United States,* 243 F.3d 893, 903 (5th Cir. 2001).

The fact that Mr. Jenkins may be barred from raising any claims in his criminal case pursuant to 28 U.S.C. § 2255, by itself, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho,* 177 F.3d at 1179. Mr. Jenkins, however, asserts that under *Bailey v. United States*, 516 U.S. 137 (1995), he is innocent of the two 18 U.S.C. § 924(c)(1) charges of which he was convicted and that he has not had the opportunity to address this claim, which has resulted in a fundamental miscarriage of justice.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496 (1986). However, a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Jenkins first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id*. Mr. Jenkins then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327. A claim of actual

4

innocence must be based on "factual innocence, not mere legal insufficiency." ***Bousley v. United States***, 523 U.S. 614, 623 (1998).

Mr. Jenkins fails to present any new evidence to demonstrate his actual innocence. He simply states that ***Bailey*** requires the active employment of a firearm and that there was no testimony or evidence at trial that supports his conviction under 18 U.S.C. § 924(c)(1). His claims are vague and conclusory and do not state new reliable evidence based on factual innocence.

Although Mr. Jenkins asserts that he has not had an opportunity to address his actual innocence claim in any court, the claim is belied by the fact that Mr. Jenkins has filed previous § 2255 motions but did not raise this claim. Mr. Jenkins was convicted six years after ***Bailey*** was decided by the U.S. Supreme Court; therefore, ***Bailey*** was decided in time for Mr. Jenkins to raise a ***Bailey*** claim during his criminal proceedings and in his first § 2255 motion. Furthermore, in Mr. Jenkins' direct appeal the Tenth Circuit found that the evidence was sufficient to support the verdict that Mr. Jenkins possessed the firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). ***See United States v. Jenkins***, 313 F.3d 549, 558-59 (10th Cir. 2002). Mr. Jenkins reliance on ***Bailey*** for support of his actual innocence claim, therefore, is misplaced.

The Court finds that Mr. Jenkins has failed to demonstrate that the remedy available to him in a 28 U.S.C. § 2255 motion, in his criminal case, Case No. 97-cr-00439-JLK, is inadequate or ineffective. The Application, therefore, will be denied. Accordingly, it is

5

ORDERED that the Application is denied and the action is dismissed because Mr. Jenkins fails to assert that a remedy under 28 U.S.C. § 2255, in his criminal case, **United States v. Jenkins**, Case No. 99-cr-00439-JLK (D. Colo. Aug. 29, 2001), is ineffective and inadequate.

DATED at Denver, Colorado, this 4th day of _November_, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01842-BNB

Walter J. Jenkins
Reg No. 29361-013
US Penitentiary
P.O. Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  11/4/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk